IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CONN JOSEPH MALONEY,

        Petitioner,

    v.

BRIAN BELLEQUE,

        Respondent.

Case No. 3:09-cv-00262-BR

OPINION AND ORDER

CONN JOSEPH MALONEY
SID #8286458
Oregon State Penitentiary
2605 State Street
Salem, OR  97310

        Petitioner *Pro Se*

JOHN R. KROGER
Attorney General
LYNN DAVID LARSEN
Attorney-In-Charge
Department of Justice
1162 Court Street NE
Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

On September 23, 1999, a Clatsop County grand jury indicted Petitioner on one count of Rape in the First Degree, one count of Attempted Sexual Abuse in the First Degree, and five counts of Using a Child in a Display of Sexually Explicit Conduct. The first two counts were dismissed, and the remaining five were presented to the trial court in a stipulated facts trial. The trial judge found Petitioner guilty on all five counts of Using a Child in a Display of Sexually Explicit Conduct and sentenced Petitioner to 72 months on each count, with a 36-month minimum. The judge designated all five sentences to run concurrently with each other and concurrently with sentences Petitioner had received in a prior Clatsop County case.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed without opinion. *State v. Maloney*, 185 Or. App. 745, 62 P.3d 886 (2003). Petitioner did not seek review from the Oregon Supreme court.

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied

relief.    Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  *Maloney v. Belleque*, 221 Or. App. 702, 191 P.3d 813, *rev. denied*, 345 Or. 301, 194 P.3d 17 (2008).

On March 6, 2009, Petitioner file his Petition for Writ of Habeas Corpus with this Court.  Respondent argues the Petition must be denied because the sentences at issue have fully expired and Petitioner is no longer in custody for the convictions which he seeks to challenge herein.  Petitioner counters that he remains in custody because other sentences were enhanced by the convictions at issue here and because he is subject to future consequences such as the requirement that he register as a sex offender and the potential that these convictions could be used to enhance future sentences.

### DISCUSSION

Under 28 U.S.C. § 2254,

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a write of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).  Petitioner must, therefore, establish that he was "in custody" at the time he filed his petition for this Court to have jurisdiction.  *Carafas v.*

*LaVallee*, 391 U.S. 234, 239-40 (1968) (petitioner must be in custody at the time petition is filed).

In *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989), the Supreme Court interpreted the statutory custody language for habeas eligibility as requiring a habeas petitioner be "in custody" under the conviction or sentence being challenged. "'[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.'" *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir.), *cert. denied*, 546 U.S. 1043 (2005) (quoting *Maleng*, 490 U.S. at 492).

The Court in *Maleng* limited its holding to the narrow question whether petitioner is "in custody" for the expired conviction and "express[ed] no view on the extent to which the [expired] conviction itself may be subject to challenge in the attack upon the [current or future] sentences which it was [actually] used to enhance." *Id.* at 494. The Ninth Circuit interpreted *Maleng* to permit federal courts to "retain jurisdiction by liberally construing [a petition challenging an expired conviction] as an attack on [a subsequent] conviction, as enhanced by the allegedly illegal [expired] conviction." *Feldman*

*v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990); *see also Brock v. Weston*, 31 F.3d 887, 890 (9th Cir. 1994).

Here, the Petition cannot reasonably be construed as an attack on the other, unexpired sentences Petitioner continues to serve. It is clear from the face of the Petition that Petitioner is instead challenging the legality of the convictions at issue. As Respondent notes, moreover, Petitioner is currently challenging his other sentences in another habeas corpus action. Finally, Petitioner has not shown that the convictions he attacks in this case actually enhanced his other sentences.

To the extent Petitioner argues that the sex offender registration requirement tied to these convictions somehow renders him "in custody," his argument is without merit. In *McNab v. Kok*, the Ninth Circuit applied the holding in *Maleng* to a petition filed by a sex offender subject to the registration requirements of Oregon's sex offender registration statutes. 170 F.3d 1246 (9th Cir. 1999). The Ninth Circuit concluded that because "sex offenders subject to registration in Oregon are free to move to a new place of residence so long as they notify law enforcement officials of their new address," Oregon law does not place an offender "in custody" within the meaning of § 2254(a). *McNab*, 170 F.3d at 1247 (citing *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998) (construing Washington law)) and *Henry v. Lungren*,

5 - OPINION AND ORDER -

164 F.3d 1240, 1241-42 (9th Cir. 1999) (construing California law)).

Finally, to the extent Petitioner argues these convictions may at a later date be used to enhance a future sentence, this argument is also without merit. A fully expired conviction that may at a later date be used to enhance a future sentence does not satisfy the "in custody" requirement. *Maleng*, 490 U.S. at 490-91 (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)). In fact, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

### CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 26th day of October, 2011.

ANNA J. BROWN
United States District Judge

6 – OPINION AND ORDER –